**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PAUL CAIN,

     Petitioner,

v.                                 Civ. No. 15-755 WJ/KK

JAMES FRAWNER *et al.*,

     Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

    THIS MATTER is before the Court on Petitioner Paul Cain's *pro se* Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1) ("Petition"), filed August 26, 2015,  and Respondents' Answer (Doc. 10), filed December 7, 2015.  On October 1, 2015, United States District Judge William Johnson referred this case to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case.   (Doc. 6.)  For the reasons set forth below, the Court RECOMMENDS that the Petition be DISMISSED WITHOUT PREJUDICE, unless Mr. Cain notifies the Court within seventeen (17) days of entry of this Proposed Findings and Recommended Disposition that he intends to amend or resubmit his Petition to present only the claims that he has exhausted.

**I.**      **BACKGROUND**

    Mr. Cain is an inmate at the Otero County Prison Facility in Chaparral, New Mexico, serving an in-custody parole term following an out-of-custody parole violation pursuant to a Judgment and Sentence Commitment to Penitentiary in *New Mexico v. Cain*, Cause No. D-1215-CR-200700496, in the Twelfth Judicial District Court for the State of New Mexico.  (Doc. 1;

Doc. 10-1 at 1-5, 36-37.)  On April 29, 2008, a jury found Mr. Cain guilty of one count of third-degree criminal sexual penetration in violation of Section 30-09-11(E) of the New Mexico Statutes Annotated. (*Id.* at 1.)  The state district court found Mr. Cain to be a habitual offender based on one prior felony conviction from the State of Delaware for the crimes of manslaughter and possession of a deadly weapon during the commission of a felony, (*id.* at 6-7), and sentenced him to a four-year term of imprisonment[1] and an indeterminate term of supervised parole of between five and twenty years pursuant to Section 31-21-10.1(A) of the New Mexico Statutes Annotated.  (*Id.* at 2-4.)  The court also ordered Mr. Cain to register as a sex offender upon his release from custody in accordance with the New Mexico Sex Offender Registration and Notification Act, N.M. Stat. Ann. §§ 29-11A-1 *et seq*.  (*Id.* at 4, 20-22.)

On June 25, 2008, Mr. Cain's trial counsel filed a Notice of Appeal of the state district court's judgment and sentence.  (*Id.* at 28.)  However, the state district court administratively closed the matter on October 19, 2010, because trial counsel failed to file a docketing statement. (*Id.* at 31).  Shortly thereafter, on November 28, 2010, Mr. Cain was released to community parole.  (*Id.* at 33).  In August 2012, after Mr. Cain failed to comply with his sex offender registration obligations, the New Mexico Corrections Department arrested him and the State of New Mexico Adult Parole Board revoked his community parole.  (*Id.* at 36-48).  While serving his in-custody parole, on May 23, 2013, Mr. Cain filed a petition for habeas corpus in state district court, claiming that his sentence was illegal and his trial counsel was ineffective.  (*Id.* at 10-23.)  More specifically, Mr. Cain claimed that: (1) the enhancement of his sentence pursuant to New Mexico's Criminal Habitual Offender Act was unconstitutional; (2) mandatory, indeterminate parole under Section 31-21-10.1(A) of New Mexico Statutes Annotated "violates

---

[1] The trial court sentenced Mr. Cain to a three-year term of imprisonment pursuant to his conviction of third-degree criminal sexual penetration, and a one-year enhancement as a habitual offender.  (Doc. 10-1 at 1-2.)

all kinds of laws and guarantees," including the Fifth Amendment's due process clause; (3) the trial court's written judgment and sentence in Cause No. D-1215-CR-200700496 conflicted with its oral pronouncement of sentence, which should have been given precedence; (4) the presentence investigation process violated his privilege against self-incrimination by forcing him to truthfully disclose previous felony convictions under penalty of perjury; and, (5) his counsel provided him with ineffective assistance by failing to file a docketing statement on direct appeal. (*Id.*)

Following the state district court's summary dismissal of his habeas petition on July 3, 2013, Mr. Cain timely petitioned the New Mexico Supreme Court for a writ of certiorari. Upon the prosecution's concession that trial counsel had been ineffective in failing to file a docketing statement on direct appeal, the New Mexico Supreme Court reinstated Mr. Cain's right to appeal and remanded the matter to the state district court for appointment of appellate counsel to file a docketing statement in the New Mexico Court of Appeals. (Doc. 10-2 at 52, 72.) In his subsequent direct appeal, Mr. Cain made the following arguments: (1) the trial court improperly enhanced Mr. Cain's sentence as a habitual offender based on a Delaware conviction for offenses Mr. Cain committed as a juvenile, but for which he was tried as an adult; (2) the trial court's written judgment and sentence erroneously reflected a sentence different from the sentence the trial judge imposed orally; (3) the evidence at trial was insufficient to support the jury's verdict that Mr. Cain was guilty of third-degree criminal sexual penetration; and, (4) trial counsel was ineffective in his failure to (a) perfect a direct appeal, (b) object to improper trial testimony that Mr. Cain alleged was elicited from a law enforcement witness, but which appellate counsel was unable to discern from the trial transcript, and (c) call two witnesses who Mr. Cain claimed would have demonstrated "the credibility of his case and the weakness of the State's." (*Id.* at 84-

87.)  Unconvinced by any of the issues Mr. Cain raised, the New Mexico Court of Appeals affirmed his conviction in a Memorandum Opinion filed May 14, 2014, and the New Mexico Supreme Court denied certiorari on June 17, 2014.  (Doc. 10-3 at 29-58.)

Thereafter, on August 26, 2015, Mr. Cain filed his federal habeas petition, raising the following issues:  (1) the trial court's enhancement of his sentence pursuant to New Mexico's Criminal Habitual Offender Act was unconstitutional; (2) the trial court's imposition of a term of mandatory, indeterminate parole of from five to twenty years was unconstitutional; (3) the trial court's oral pronouncement of Mr. Cain's sentence should have controlled over its written judgment and sentence; (4) the presentence investigation process violated his Fifth Amendment privilege against self-incrimination by forcing him to disclose previous felony convictions under penalty of perjury; and, (5) trial counsel was ineffective in his failure to (a) challenge the sufficiency of the evidence against Mr. Cain pretrial, (b) call witnesses in Mr. Cain's defense, (c) "contest any of the state's evidence," (d) object to off-the-record bench conferences and questions, (e) object to improper trial testimony that Mr. Cain alleged was elicited from a law enforcement witness, but which appellate counsel was unable to discern from the trial transcript, and (f) perfect Mr. Cain's direct appeal.  (Doc. 1 at 6-8; Doc. 1-1 at 1-9.)  Respondent contends that Petitioner failed to exhaust his available state-court remedies as to some of these claims. (Doc. 10 at 4-5.)

## II.   ANALYSIS

### A.  Exhaustion of State Court Remedies

A federal district court may not consider the merits of a habeas petition brought pursuant to 28 U.S.C. § 2254 unless the Petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  To exhaust state court remedies, a petitioner must "properly

present[]" the issue "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In other words, "[t]o exhaust a claim, a state prisoner must pursue it through 'one complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). The petitioner bears the burden of showing that he exhausted all of his claims before the highest state court. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

A petition that contains only unexhausted claims can either be dismissed to allow the petitioner to return to state court to exhaust his claims, or denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies. *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982); 28 U.S.C. § 2254(b)(2)). If a petition is a "mixed petition," in that it contains both exhausted and unexhausted claims, the petitioner may either return to state court to exhaust his unexhausted claims, or amend and resubmit his petition to submit only the exhausted claims in federal court. *Moore*, 288 F.3d at 1233 (citing *Rose*, 455 U.S. at 510). Federal "district courts may not adjudicate mixed petitions." *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (*quoting Rhines v. Weber*, 544 U.S. 269, 273 (2005)).

**B.  Petitioner's Claims**

The Court construes Petitioner's claims as follows:[2]

---

[2] Because Mr. Cain is proceeding *pro se*, the Court construes his pleadings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The Court does not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

1.   **Claim One:  Illegal Sentence**

   a.  New Mexico's Criminal Habitual Offender Act violates the Eighth and Fourteenth Amendments to the United States Constitution, and the principle of separation of powers;

   b.  The state district court improperly relied on a prior Delaware conviction to enhance Mr. Cain's sentence pursuant to New Mexico's Criminal Habitual Offender Act;

   c.  New Mexico's treatment of parole as mandatory elevates parole to a constitutional right;

   d.  New Mexico's mandatory, indeterminate parole unconstitutionally enhances third-degree felony sex offenders' sentences by up to twenty additional years;

   e.  The written judgment and sentence against Mr. Cain conflicts with the state district court's oral pronouncement of sentence, and the oral pronouncement should control;

   f.  The presentence investigation process violated Mr. Cain's Fifth Amendment privilege against self-incrimination.

2.  **Claim Two:  Ineffective Assistance of Counsel**

   a.  Counsel was ineffective in failing to challenge the sufficiency of the evidence pretrial;

   b.  Counsel was ineffective in failing to call two witnesses on Mr. Cain's behalf;

   c.  Counsel was ineffective in failing to contest any of the state's evidence;

    d.  Counsel was ineffective in allowing bench conferences to be held and questions asked off the record;

    e.  Counsel was ineffective in failing to object to a law enforcement witness' "illegal" testimony, and the record was unconstitutionally altered to remove the illegal statement; and,

    f.  Counsel was ineffective in failing to timely file a docketing statement on direct appeal, thereby delaying Mr. Cain's appeal for six and one-half years.   (Doc. 1).

C.  <u>Mr. Cain's Mixed Petition</u>

In light of these proposed findings, it is clear that Mr. Cain presents a mixed petition containing both exhausted and unexhausted claims.  In particular, Mr. Cain has failed to exhaust the claims listed in Subsections (a), (c), and (d) of Claim Two:  Ineffective Assistance of Counsel, above.  This leaves the Court to do one of four things:

(1) Dismiss the mixed petition in its entirety;

(2) Stay the petition and hold it in abeyance while Mr. Cain returns to state court to exhaust his unexhausted claims;

(3) Permit Mr. Cain to dismiss the unexhausted claims and proceed with exhausted claims in this federal civil action; or,

(4) Ignore the exhaustion requirement altogether and deny the petition on the merits if none of Mr. Cain's claims has merit.

*Fairchild*, 579 F.3d at 1156.  As to the second option, however, "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court[,]" *and* that Petitioner's unexhausted

claims are "potentially meritorious," *and* that "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78; *see also Fairchild*, 579 F.3d at 1152-53.  Where a petitioner's unexhausted claims are plainly meritless, the district court would abuse its discretion if it were to employ stay-and-abeyance procedures, even if there was good cause for the petitioner's failure to exhaust his claims first in state court.  *Rhines*, 544 U.S. at 277.

On the record now before it, the Court cannot find that the three prerequisites for the stay-and-abeyance procedure have been met, nor can the Court conclude that Petitioner's unexhausted claims are plainly meritless.  Thus, and because this Court may not adjudicate unexhausted claims, Mr. Cain is left "with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose*, 455 U.S. at 510.  The Court notes that if Mr. Cain chooses to withdraw his unexhausted claims and pursue only his exhausted claims in this action, "he could lose the opportunity to litigate his presently unexhausted claims in federal court," because the latter claims could be characterized as "second or successive" in a subsequent federal action under 28 U.S.C. § 2254. *Id.* at 514; *see* 28 U.S.C. § 2244(b); *see also Tapia v. Lemaster*, 172 F.3d 1193, 1194-96 (10th Cir. 1999).

On the other hand, if Mr. Cain chooses *not* to withdraw his unexhausted claims, the Court will dismiss his mixed petition without prejudice, and he may then choose to pursue state court remedies for his unexhausted claims.  In arriving at his decision, Mr. Cain may wish to assess whether state and/or federal statutes of limitation may bar some or all of his claims (whether exhausted or not) should he try to pursue them in state and/or federal court.  The Court notes that although the one-year statute of limitations to file a federal habeas petition under 28 U.S.C. §

2254 is tolled while a properly-filed application for state post-conviction or other collateral review is pending in state court with respect to the pertinent judgment or claim, 28 U.S.C. § 2244(d)(2), the statute of limitations is *not* tolled during the pendency of a federal habeas petition like the one at issue here.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).  On the record now before the Court it appears that Mr. Cain's one-year statute of limitations began running ninety (90) days after the New Mexico Supreme Court denied his petition for writ of certiorari on June 17, 2014, which is to say, on September 15, 2014.  (Doc. 10-3 at 58.), *Locke v. Saffle*, 237 F.3d 1269, 1273-74 (10th Cir. 2001).  The Court further notes that Mr. Cain did not file his federal habeas petition until August 26, 2015.  (Doc. 1.)  Respondents filed their answer asserting the mixed nature of the petition on December 7, 2015.  (Doc. 10.)

## III.    RECOMMENDATION

For the forgoing reasons, the Court RECOMMENDS that Mr. Cain's Petition be DISMISSED WITHOUT PREJUDICE, unless Petitioner decides that he would like to move forward with only his exhausted claims in the Petition and notifies the Court no later than seventeen (17) days after entry of this Proposed Findings and Recommended Disposition that he intends to amend or resubmit his Petition withdrawing his unexhausted claims and presenting only the exhausted claims.  If Petitioner notifies the Court of his intent to amend and resubmit his Petition, the Court will thereafter, by separate order, set a deadline for filing the amended Petition.

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**