IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL CAIN,

    Petitioner,

v.                                                                                                           Civ. No. 15-755 WJ/KK

JAMES FRAWNER *et al.*,

    Respondents.

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Petitioner Paul Cain's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1) ("Petition"), filed August 26, 2015. On March 8, 2017, United States Magistrate Judge Kirtan Khalsa entered Proposed Findings and a Recommended Disposition (Doc. 14) ("PFRD"), in which she recommended that the Court dismiss the Petition without prejudice, unless Petitioner promptly notifies the Court that he intends to amend and resubmit his Petition, withdrawing his unexhausted claims and presenting only the exhausted claims. Petitioner filed a pleading entitled "Plaintiff's Opposition to Magistrate Judge's Proposed Findings and Recommended Disposition" (Doc. 16) ("Objections") on March 20, 2017, in which he timely objected to the Magistrate Judge's PFRD. Having considered the Magistrate Judge's PFRD, Petitioner's Objections, the record, and the applicable law, the Court finds that the Objections are not well taken and should be overruled, and that the PFRD should be adopted.

**I.  Factual Background and Procedural History**

Based on its *de novo* review of the record, the Court concurs with the Magistrate Judge's description of the factual background and procedural history of this case, (*see* Doc. 14 at 1-4),

1

and will not repeat all of its particulars here, but rather will simply highlight points salient to Petitioner's Objections.  Petitioner is a prisoner at the Otero County Prison Facility in Chaparral, New Mexico, serving an in-custody parole term following an out-of-custody parole violation pursuant to the state district court's judgment and sentence in *New Mexico v. Cain*, No. D-1215-CR-200700496.  (Doc. 1; Doc. 10-1 at 1-5, 36-37, 48.)  On April 29, 2008, a jury found Petitioner guilty of one count of third-degree criminal sexual penetration. (Doc. 10-1 at 1.)  The state district court sentenced Petitioner to four years' imprisonment—three years' imprisonment plus a one-year enhancement upon finding that Petitioner was a habitual offender—and an indeterminate term of supervised parole of between five and twenty years.  (*Id.* at 1-4, 6-7.)  The court also required Petitioner to register as a sex offender upon his release from custody.  (*Id.* at 2-3, 20-22.)

On November 29, 2010, Petitioner was released to community parole.  (*Id.* at 33-35.)  In August 2012, however, after Petitioner failed to comply with his sex offender registration obligations, his community parole was revoked.  (*Id.* at 36-48.)  While serving his in-custody parole, on May 23, 2013, Petitioner filed a petition for habeas corpus in state district court, claiming that:  (1) the enhancement of his sentence pursuant to New Mexico's Criminal Habitual Offender Act was unconstitutional; (2) mandatory, indeterminate parole under N.M. Stat. Ann. § 31-21-10.1(A) violates the Fifth Amendment and other "laws and guarantees"; (3) the state district court's written judgment and sentence conflicted with its oral pronouncement of sentence, which should have controlled; (4) the presentence investigation process violated his privilege against self-incrimination; and, (5) his counsel provided him with ineffective assistance by failing to file a docketing statement on direct appeal.  (*Id.* at 49-62.)

The state district court summarily dismissed Petitioner's state habeas petition on July 3, 2013, and on July 11, 2013, Petitioner timely petitioned the New Mexico Supreme Court for a writ of certiorari.  (Doc. 10-1 at 87-90; Doc. 10-2 at 1-6.)  In its response to the petition, the prosecution conceded that Petitioner's trial counsel had been ineffective in failing to file a docketing statement, and the New Mexico Supreme Court therefore reinstated Petitioner's right to appeal.  (Doc. 10-2 at 52, 70-72.)  In his subsequent direct appeal by and through appointed counsel, Petitioner made the following arguments:  (1) the trial court improperly found Petitioner to be a habitual offender based on a Delaware conviction for offenses Petitioner committed as a juvenile, but for which he was tried as an adult; (2) the trial court's written judgment and sentence erroneously imposed a sentence different from the sentence the trial judge orally pronounced; (3) the evidence at trial was insufficient to support the jury's verdict that Petitioner was guilty of third-degree criminal sexual penetration; and, (4) trial counsel was ineffective in his failure to (a) perfect a direct appeal, (b) object to improper trial testimony that Petitioner alleged was elicited from a law enforcement witness, but which appellate counsel was unable to discern from the trial transcript, and (c) call two witnesses whose testimony would have been favorable to Petitioner and unfavorable to the prosecution.  (*Id.* at 81-87.)  The New Mexico Court of Appeals rejected Petitioner's arguments and affirmed his conviction in a Memorandum Opinion filed May 14, 2014, and the New Mexico Supreme Court denied certiorari on June 17, 2014.  (Doc. 10-3 at 29-33, 58.)

Petitioner filed the Petition presently before the Court on August 26, 2015, making the following claims:  (1) the trial court's enhancement of his sentence pursuant to New Mexico's Criminal Habitual Offender Act was unconstitutional; (2) the trial court's imposition of a term of mandatory, indeterminate parole of from five to twenty years was unconstitutional; (3) the trial

court's oral pronouncement of Petitioner's sentence should have controlled over its written judgment and sentence; (4) the presentence investigation process violated Petitioner's Fifth Amendment privilege against self-incrimination; and, (5) trial counsel was ineffective in his failure to (a) challenge the sufficiency of the evidence against Petitioner pretrial, (b) call witnesses in Petitioner's defense, (c) "contest any of the state's evidence," (d) object to off-the-record bench conferences and questions, (e) object to improper trial testimony that Petitioner alleges was elicited from a law enforcement witness, but which "cannot be found anywhere in the record," and (f) perfect Petitioner's direct appeal. (Doc. 1 at 6-9; Doc. 1-1 at 1-9.)  In their December 7, 2015 answer to the Petition, Respondents contend that Petitioner failed to exhaust his available state-court remedies as to some of these claims. (Doc. 10 at 7-10.)

**II.    Judge Khalsa's PFRD**

Judge Khalsa's PFRD is premised on the statutory prohibition that a federal district court may not consider the merits of a petition brought pursuant to 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  Judge Khalsa noted that, to exhaust state court remedies, a petitioner must "properly present[]" the issue "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  In other words, "[t]o exhaust a claim, a state prisoner must pursue it through 'one complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).  The petitioner bears the burden of showing that he exhausted all of his claims before the highest state court. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

Judge Khalsa liberally construed the claims in the Petition as follows:[1]

1. **Claim One: Illegal Sentence**

   a. New Mexico's Criminal Habitual Offender Act violates the Eighth and Fourteenth Amendments to the United States Constitution, and the principle of separation of powers;

   b. The state district court improperly relied on a prior Delaware conviction to enhance Petitioner's sentence pursuant to New Mexico's Criminal Habitual Offender Act;

   c. New Mexico's treatment of parole as mandatory elevates parole to a constitutional right;

   d. New Mexico's mandatory, indeterminate parole unconstitutionally enhances third-degree felony sex offenders' sentences by up to twenty additional years;

   e. The written judgment and sentence against Petitioner conflicts with the state district court's oral pronouncement of sentence, and the oral pronouncement should control; and,

   f. The presentence investigation process violated Petitioner's Fifth Amendment privilege against self-incrimination.

2. **Claim Two: Ineffective Assistance of Counsel**

   a. Counsel was ineffective in failing to challenge the sufficiency of the evidence pretrial;

   b. Counsel was ineffective in failing to call two witnesses on Petitioner's behalf;

---

[1] The Court is required to construe Petitioner's pleadings liberally because he is proceeding *pro se*. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). However, it may not "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

      c. Counsel was ineffective in failing to contest any of the state's evidence;

      d. Counsel was ineffective in allowing bench conferences to be held and questions asked off the record;

      e. Counsel was ineffective in failing to object to a law enforcement witness' "illegal" testimony, and the record was unconstitutionally altered to remove the illegal statement; and,

      f. Counsel was ineffective in failing to timely file a docketing statement on direct appeal, thereby delaying Petitioner's appeal for six and one-half years. (Doc. 1 at 6-9; Doc. 1-1 at 1-9.)

Comparing these claims to the claims Petitioner raised in his state habeas petition and on direct appeal, Judge Khalsa proposed to find that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims. Specifically, Judge Khalsa proposed to find that Petitioner has failed to exhaust the claims listed in Subsections (a), (c), and (d) of Claim Two, *supra*. Judge Khalsa observed that if a petition under Section 2254 is a "mixed petition," in that it contains both exhausted and unexhausted claims, the petitioner may either return to state court to exhaust his unexhausted claims, or amend and resubmit his petition to submit only the exhausted claims in federal court. *Moore v. Schoeman*, 288 F.3d 1231, 1233-34 (10th Cir. 2002) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982); 28 U.S.C. § 2254(b)(2)). "[F]ederal district courts may not adjudicate mixed petitions." *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (quoting *Rhines v. Weber*, 544 U.S. 269, 273 (2005)).

Judge Khalsa explained the four alternatives available to federal courts faced with a mixed petition as follows:

    (1)    Dismiss the mixed petition in its entirety;

(2) Stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims;

(3) Permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims in this federal civil action; or,

(4) Ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Fairchild*, 579 F.3d at 1156.

However, Judge Khalsa concluded that the second and fourth options were not available here. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court[,]" *and* that Petitioner's unexhausted claims are "potentially meritorious," *and* that "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78; *Fairchild*, 579 F.3d at 1152-53. On the record before the Court, Judge Khalsa could find neither that the three prerequisites for the stay-and-abeyance procedure have been met, nor that all of Petitioner's claims are plainly meritless. Thus, and because the Court may not adjudicate unexhausted claims, Judge Khalsa concluded that Petitioner is left "with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose*, 455 U.S. at 510.

Judge Khalsa noted that if Petitioner chooses to withdraw his unexhausted claims and pursue only his exhausted claims in this action, "he could lose the opportunity to litigate his presently unexhausted claims in federal court," because the latter claims could be characterized as "second or successive" in a subsequent federal action under 28 U.S.C. § 2254. *Id.* at 514; *see*

28 U.S.C. § 2244(b); *see also Tapia v. Lemaster*, 172 F.3d 1193, 1194-96 (10th Cir. 1999). On the other hand, she observed that if Petitioner chooses *not* to withdraw his unexhausted claims, the Court will dismiss his mixed petition without prejudice, and he may then choose to pursue state court remedies for his unexhausted claims.

However, Judge Khalsa took care to add that, in arriving at his decision, Petitioner might wish to assess whether state and/or federal statutes of limitation may bar some or all of his claims (whether exhausted or not) should he try to pursue them in state and/or federal court. Although the one-year statute of limitation to file a federal habeas petition under 28 U.S.C. § 2254 is tolled while a properly-filed application for state post-conviction or other collateral review is pending in state court with respect to the pertinent judgment or claim, 28 U.S.C. § 2244(d)(2), the statute of limitation is *not* tolled during the pendency of a federal habeas petition like the one at issue here. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Judge Khalsa's review of the record suggested that Petitioner's one-year federal statute of limitation began running ninety (90) days after the New Mexico Supreme Court denied his petition for writ of certiorari on June 17, 2014, which is to say, on September 15, 2014. (Doc. 10-3 at 58); *Locke v. Saffle*, 237 F.3d 1269, 1272-73 (10th Cir. 2001). She further noted that Petitioner did not file his federal habeas petition until August 26, 2015, less than a month before the statute of limitation expired. (Doc. 1.)

**III.   Analysis**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written

objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal,

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Upon a *de novo* review, the Court agrees with the Magistrate Judge's PFRD, and finds that Petitioner's Objections are not well taken and that the PFRD should be adopted. Petitioner makes a number of arguments in his Objections, each of which the Court will address in turn. Petitioner first argues that he exhausted his claim that his trial counsel provided him with ineffective assistance by failing to challenge the sufficiency of the evidence pretrial, by challenging the sufficiency of the evidence presented at trial in his direct appeal. (Doc. 16 at 1-2.) The Court disagrees. The two claims, while related, are quite distinct, with very different elements to be proven. *Compare, e.g., New Mexico v. Cunningham*, 2000-NMSC-9, ¶ 26, 128 N.M. 711, 998 P.2d 176 (in reviewing sufficiency of the evidence, relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt), *with Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (for a defendant to succeed on a claim of ineffective assistance of counsel, he must demonstrate that "counsel's representation fell below an objective standard of reasonableness," and that "the deficient performance prejudiced the defense").

> Section 2254's exhaustion requirement
>
> ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment. . . . The exhaustion rule promotes comity in that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation. . . . Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.

*Duncan*, 533 U.S. at 178-79 (citations and internal quotation marks omitted). Here, however, the state courts were never given an opportunity to determine whether Petitioner's trial counsel's failure to challenge the sufficiency of the evidence against him pretrial fell below an objective standard of reasonableness and prejudiced his defense. *Strickland*, 466 U.S. at 687-88. The Court therefore finds that Petitioner has failed to exhaust his state court remedies as to this claim.

The foregoing analysis also disposes of Petitioner's second argument, *i.e.*, that his ineffective assistance of counsel claim based on failure to contest the state's evidence is "redundant" of his ineffective assistance of counsel claim based on sufficiency of the evidence, and he has exhausted his state court remedies as to both of these claims. (Doc. 16 at 2.) Whether the two claims are actually the same or not—and in the Court's view, they appear quite different—Petitioner clearly failed to raise either of them in state court in his habeas petition or on direct appeal, and they are therefore unexhausted.

Petitioner next argues that the Court should excuse his failure to exhaust his state court remedies as to his claim that his counsel provided him with ineffective assistance by allowing bench conferences to be held and questions asked off the record, because he did not learn that the state district court's "recording devices could be turned on and off" until June 26, 2014, after he filed his state habeas petition and direct appeal. (*Id.*)  This argument has two obvious and fatal flaws.  First, the Court finds it wholly incredible that Petitioner did not know that a recording device could be turned on and off before June 26, 2014.  Second, even if Petitioner truly did not realize this quotidian fact until June 26, 2014, he still had over a year to pursue state court remedies based on his realization before filing his federal petition on August 26, 2015. *See, e.g.*, N.M. R. Crim. P. 5-802(H) (petitioner may file second or successive habeas petition bringing claim not brought in prior petition where "an adequate record to address the claim properly was not available at the time of the prior petition").  Thus, Petitioner's alleged belated realization, even if credible, still would not excuse his failure to exhaust state court remedies as to this claim.

Petitioner's fourth argument, *i.e.*, that the Court should decide his mixed petition on the merits pursuant to *Hoxsie v. Kerby*, 108 F.3d 1239 (10th Cir. 1997), demonstrates a misunderstanding of the law. (Doc. 16 at 3.)  In *Hoxsie*, the Tenth Circuit recognized that a federal court may *deny* a mixed petition on the merits under 28 U.S.C. § 2254 where it is "convinced that the petition has no merit," because in those circumstances "application of the exhaustion rule might simply require useless litigation in the state courts." *Id.* at 1243 (citing 28 U.S.C. § 2254(b)(2) and *Granberry v. Greer*, 481 U.S. 129, 133 (1987)).  The Magistrate Judge acknowledged this alternative in her PFRD, but concluded that she could not deny Petitioner's mixed petition on the merits because she could not, on the record presently before the Court, find that all of Petitioner's claims are plainly meritless. (Doc. 14 at 7-8); *Fairchild*, 579 F.3d at 1156.

11

The Court finds it unlikely that Petitioner wishes it to conclude that all of his claims are plainly meritless and dismiss the entire Petition with prejudice. Because that is all *Hoxsie* authorizes the Court to do, the Court will overrule Petitioner's objection on the basis of that decision.

Petitioner's fifth argument also misunderstands the pertinent law. In his Objections, Petitioner contends that the Court should waive Section 2254's exhaustion requirement pursuant to *United States v. McGriff*, 468 F. Supp. 2d 445 (E.D.N.Y. 2007), *Putnam v. Winn*, 441 F. Supp. 2d 253 (D. Mass. 2006), and *Perez v. Zenk*, 2005 WL 990696 (E.D.N.Y. Apr. 11, 2005), on grounds of futility. (Doc. 16 at 4.) However, these three cases all concern the common-law exhaustion requirement for petitions brought pursuant to 28 U.S.C. § 2241, rather than the statutory exhaustion requirement for petitions brought pursuant to 28 U.S.C. § 2254, and simply do not apply to this case.

Petitioner next argues that dismissal would cause him prejudice because the statute of limitation in 28 U.S.C. § 2244(d)(1) has expired on his exhausted claims, and that this prejudice is the result of the substantial delay between the filing of his Petition and the issuance of the Magistrate Judge's PFRD. (Doc. 16 at 4-5.) In so arguing, Petitioner ignores the fact that he did not file his Petition until August 26, 2015, less than one month before the statute of limitation expired on or about September 15, 2015, and did not file his motion to proceed *in forma pauperis* until September 21, 2015, after it expired. (Docs. 1, 3.) Consequently, Respondents did not file their answer raising the mixed nature of the Petition until December 7, 2015. (Doc. 10.) In these circumstances, it was simply not possible for the Magistrate Judge to recommend a disposition of this matter before the statute of limitation expired. In short, Petitioner's own delay in initiating this action prevented the Court from ruling on his Petition before the statute of limitation expired, and the Court rejects Petitioner's attempt to shift responsibility to the

Magistrate Judge for the situation in which he now finds himself.  The Court further rejects as entirely unsubstantiated Petitioner's allegation that the Magistrate Judge issued her PFRD in retaliation for Petitioner having filed a complaint against her.  (Doc. 16 at 4-5.)  The Magistrate Judge's PFRD is soundly based in law and fact, and Petitioner has presented no evidence that she acted with an improper purpose in issuing it.

Finally, Petitioner suggests that the Court should hold him to less stringent standards because he is proceeding *pro se*.  (Doc. 16 at 5.)  However, Section 2254(b) makes no exception for *pro se* petitioners.  Further, Petitioner had the benefit of counsel on direct appeal, and so his current *pro se* status cannot excuse any failure to exhaust state remedies in that proceeding.  (*See, e.g.*, Doc. 10-2 at 70-93.)  For all of the foregoing reasons, and for the additional reasons stated in the Magistrate Judge's PFRD, the Court finds that Petitioner's Objections are without merit and should be overruled.  Petitioner's Petition presents three unexhausted claims and is not plainly meritless, and the Court cannot, therefore, adjudicate it.  Nor can the Court stay these proceedings while Petitioner exhausts his unexhausted claims in state court, because Petitioner has failed to satisfy the three prerequisites for the stay-and-abeyance procedure described in *Rhines*, 544 U.S. at 277-78, and *Fairchild*, 579 F.3d at 1152-53.  As such, the Court will dismiss the Petition without prejudice to allow Petitioner to exhaust his unexhausted claims in state court, unless Petitioner notifies the Court within seventeen (17) days of entry of this Order that he intends to amend and resubmit his Petition withdrawing his unexhausted claims and presenting only the exhausted claims.  If Petitioner timely notifies the Court of his intent to amend and resubmit his Petition, the Court will thereafter, by separate order, set a deadline for filing the amended Petition.

IT IS THEREFORE ORDERED as follows:

1.     Petitioner's objections in his Opposition to Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 16) are OVERRULED;

2.     The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 14) are ADOPTED; and,

3.     Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1) will be dismissed without prejudice unless Petitioner notifies the Court no later than seventeen (17) days after entry of this Order that he intends to amend and resubmit his Petition withdrawing his unexhausted claims and presenting only the exhausted claims.  If Petitioner notifies the Court of his intent to amend and resubmit his Petition, the Court will thereafter, by separate order, set a deadline for filing the amended Petition.

IT IS SO ORDERED.

_____
HONORABLE WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE